# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X
PUERTO RICO GOVERNMENT JUDICIARY  :
EMPLOYEES RETIREMENT SYSTEM  :
ADMINISTRATION, CRAIG B. LAUB, J.D.  :
PISUT and SANDRA REDFERN,  :         15 Civ. 01938 (DAB)
  :
      Plaintiffs,  :
  :
  -against-  :
  :
  :
MARCUM, LLP, as successor to STONEFIELD  :
JOSEPHSON, INC.,  :
  :
      Defendant.  :
---------------------------------------------------------------------X

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement, as dated below (the "Stipulation" or "Settlement Agreement"), is made and entered into by and among the following Settling Parties to the above-entitled Action: (i) Lead Plaintiffs Puerto Rico Government Employees and Judiciary Retirement Systems Administration, Craig B. Laub, J.D. Pisut, and Sandra Redfern (collectively "Plaintiffs" or "Lead Plaintiffs") and (ii) Defendant Marcum, LLP ("Marcum"), including its alleged predecessor Stonefield Josephson, Inc. ("Stonefield") ("Defendant"), by and through their counsel of record in the Action.  Subject to the approval of the Court, the Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Action and Released Claims as defined below, upon and subject to the terms and conditions hereof (the "Settlement").  All capitalized terms in this Stipulation shall have the meanings specified for them herein.

## I.    THE FUQI LITIGATION

On March 19, 2010, a purported class action captioned *Mahapatra v. Fuqi International, Inc. et al.*, was filed in this Court (the "Fuqi Litigation") alleging claims under the federal securities laws against Fuqi International, Inc. ("Fuqi" or the "Company"), certain of its officers and directors, and the underwriters for its secondary offering filed with the United States Securities and Exchange Commission on Form S-3 and declared effective on July 22, 2009 (the "Secondary Offering").  Thereafter, nine additional complaints were filed in the United States District Court for the Southern District of New York, on behalf of all persons, other than those defendants[1], who purchased the common stock of Fuqi during the period May 15, 2009 to March 19, 2010, inclusive, seeking to pursue claims under the Securities Exchange Act of 1934 (the

---

[1] Defendants in the Fuqi Litigation were Fuqi, Yu Kwai Chong, Ching Wan Wong, Lie Xi Zhuang, Lily Lee Chen, Eileen B. Brody, Victor A. Hollander, Jeff Haiyong Liu, William Blair & Co., Oppenheimer & Co. Inc., and Cowen and Company (collectively, the "Fuqi Defendants").  Marcum was not named as a defendant in the Fuqi Litigation.

"Exchange Act") and/or on behalf of all persons, other than those defendants, who purchased Fuqi common stock in the Company's Secondary Offering seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").   Those cases were consolidated on July 26, 2010. In the same Order, the Court appointed Puerto Rico Government Employees and Judiciary Retirement Systems Administration, Craig B. Laub, J.D. Pisut, and Sandra Redfern as Lead Plaintiffs in the Action and designated Abraham, Fruchter & Twersky, LLP as Lead Counsel.

Subsequently, based on an agreement among the parties in the Fuqi Litigation, the Court approved a stipulation that any amended complaint would be filed 45 days after Fuqi publicly filed its restated financial statements for the first three quarters of 2009 and filed its 2009 Form 10-K.

While awaiting Fuqi's restatement to be filed, Plaintiffs began discussions with Stonefield and entered into a tolling agreement with Stonefield dated January 5, 2011, which tolled the filing of claims against it relating to the Fuqi Litigation until October 22, 2013. Subsequently, the Settling Parties extended the tolling agreement for an additional year until October 22, 2014.

The parties to the Fuqi Litigation initially attempted to conduct a mediation in 2011, but that scheduled session was cancelled by Fuqi.  It eventually was re-scheduled and Plaintiffs and Fuqi participated in a formal mediation on December 12, 2013 in Newport Beach, California, before the Honorable Layn Phillips (USDJ, Ret.).  Following a full day of mediation, which lasted until the evening hours, Plaintiffs and the Fuqi Defendants, with the assistance of Judge Phillips, ultimately reached agreement to settle the action for $7.5 million.

On November 7, 2014, Plaintiffs filed an unopposed motion for preliminary approval of Settlement of the Fuqi Litigation. The Court entered a Preliminarily Approval Order on

November 21, 2014, which, among other things, preliminarily certified the Fuqi Litigation Class. The Court also approved the form and content of the Notice, Proof of Claim and Summary Notice. Pursuant to the Court's order, Notice was sent to the Fuqi Litigation Class.

A motion for Final Approval of the Settlement in the Fuqi Litigation was filed with the Court on January 16, 2015. A final approval hearing, scheduled for February 19, 2015 was adjourned by the Court. Additional information was provided by Plaintiffs' Counsel to the Court in response to certain inquiries. On July 2, 2015, the Court ordered that an amended motion for Final Approval of the Settlement of the Fuqi Litigation be filed by September 1, 2015. On August 31, 2015, such amended motion was filed. A hearing on Plaintiffs' motion was held on February 18, 2016, and the Court approved the settlement.

**Stonefield Litigation**

After agreement was reached to resolve the Fuqi Litigation and as the expiration of the tolling agreement with Stonefield was approaching, the Settling Parties began having discussions about the possibility of resolving the Action. The Plaintiffs sent a demand letter to Stonefield, setting forth a detailed explanation of the basis for their claims of liability and damages, and Stonefield provided an equally detailed response as to why it was not liable and that damages would not be shown. The Settling Parties held a series of back-and-forth discussions at that time, but did not reach agreement.

On March 13, 2015, Plaintiffs filed a complaint against Marcum[2] alleging violations of the Securities Act and the Exchange Act (the "Complaint"). The Complaint alleged, *inter alia*, that Stonefield knew about Fuqi's lack of internal controls and accounting problems, yet it still

---

[2] Plaintiffs filed an action against Marcum, LLP, based upon plaintiffs' claim that Marcum, LLP is a purported successor of Stonefield. Marcum and Stonefield deny that assertion.

gave its consent in Fuqi's Secondary Offering.  The Settling Parties continued to hold periodic discussions after the Complaint was filed, including about engaging in a possible mediation.

On July 13, 2015, Plaintiffs and Marcum entered into a Stipulation in which service of the Complaint on Marcum was deemed effective as of June 30, 2015; deferring Marcum's need to answer or move with respect to the Complaint, or any amended complaint, until thirty (30) days after either party concluded, upon written notice, that the action cannot be resolved through mediation.  The Court approved that stipulation on August 11, 2015.

The Settling Parties continued discussions and agreed to mediate.  On December 15, 2015, Plaintiffs and Defendant participated in a formal mediation in Newport Beach, California, before Judge Phillips.  Following a full day of mediation, the parties, with the assistance of Judge Phillips, ultimately reached agreement to settle the action for $1.1 million.

In connection with the proposed Settlement, Plaintiffs will file an amended class action complaint, which Plaintiffs had intended to file had the Action not settled.

## II.    DEFENDANT'S DENIALS OF WRONGDOING AND LIABILITY

Defendant has expressly denied and continues to deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Complaint, or that it is a successor to Stonefield.  Specifically, Defendant has denied, and continues to deny, *inter alia*, the allegations that Plaintiffs or the Class have suffered damages, that the price of Fuqi common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiffs or the Class were harmed by the conduct alleged in the Complaint.  Defendant believes that the evidence would support its position that it acted properly at all times and that the Action is without merit.  Defendant also asserts certain defenses.  Pursuant to the terms set forth below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or

4

concession by Defendant with respect to any claim of fault, liability, wrongdoing, or damage whatsoever, may not be construed to contain any admission against the interests of Defendant as governed by Fed. R. Evid. 408 and similar Rules of Evidence, and may be used only to effect a settlement of this Action.

Defendant has concluded that further litigation would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendant also has taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. Defendant has, therefore, determined that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation, without in any way acknowledging any wrongdoing, fault, liability or damage to Lead Plaintiffs or the Class.

## III.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted. However, counsel for Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendant through trial and through appeals. Plaintiffs have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, and the difficulties and delays inherent in such litigation. Plaintiffs are mindful of the inherent problems of proof under, and possible defenses to, the claims of securities law violations asserted in the Action. Plaintiffs have also considered the wasting nature of Defendant's insurance coverage. Plaintiffs believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Plaintiffs and counsel for Plaintiffs have determined that the Settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Class and, therefore, determined that it is desirable and beneficial to Plaintiffs

and the Class that the Litigation be settled upon the terms and conditions set forth in this Stipulation.

## IV.  TERMS OF STIPULATION AND AGREEMENT OF  SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and the Class Members) and Defendant by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.  Definitions

As used in the Stipulation, the following terms have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any document attached as an exhibit to this Stipulation, the definition set forth below shall control.

1.1  "Authorized Claimant" means any Class Member or Subclass Member who, in accordance with the terms of this Stipulation, is entitled to a distribution from the Settlement Fund pursuant to any Plan of Allocation or any order of the Court.

1.2  "Fuqi" or the "Company" means Fuqi International, Inc.

1.3  "Claims Administrator" means Angeion Group, which is the third party administrator retained by Lead Counsel to provide notice to the Class Members and Subclass Members and administer the Settlement.

1.4  "Class" means, for purposes of this Settlement only, all persons or entities who purchased or otherwise acquired Fuqi's common stock from May 15, 2009 through and including March 27, 2011, and who were damaged thereby.  Excluded from the Class are Defendant, its

6

agents, representatives, predecessors, successors, subsidiaries, affiliated entities, partners, limited liability partners or members, shareholders, directors, officers, at all relevant times, members of the immediate families of the partners, limited liability partners or members, shareholders, directors, officers of Defendant, any entity in which the Defendant has or had a legal controlling interest, and the legal representatives, heirs, successors, or assigns of Defendant. Also excluded from the Class are the Defendants in the Fuqi Litigation (the "Fuqi Defendants"), Fuqi's officers and directors, at all relevant times, members of their immediate families, any entity in which any of the Fuqi Defendants has or had a legal controlling interest, and the legal representatives, heirs, successors, or assigns of any of the Fuqi Defendants. The Subclass is included in the definition of the Class.

1.5     "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.4 above and who does not validly request exclusion from the Class in accordance with the procedures to be established by the Court in connection with the approval of this Stipulation and the Settlement.

1.6     "Class Period" means the period between May 15, 2009 through March 27, 2011, inclusive.

1.7     "Complaint" means the Amended Class Action Complaint to be filed in this Action.

1.8     "Court" means the United States District Court for the Southern District of New York.

1.9     "Defendant" means Marcum, LLP, including its alleged predecessor Stonefield Josephson, Inc., and their partners, limited liability partners, shareholders and members.

7

1.10   "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred.

1.11   "Escrow Agent" means the Claims Administrator, or its respective successors, or such other person or entity designated by the Court.

1.12   "Final" means, with respect to any order of the Court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (ii) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired; or (c) there has been a final adjudication within the meaning of the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, and federal law.   For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of *certiorari* or mandamus, and any other proceedings of like kind.   Any appeal or other proceeding pertaining to any order adopting or approving a Plan of Allocation, or to any order issued in respect of an application for attorneys' fees and expenses, or to an order issued in respect to an application for reimbursement of Plaintiffs' expenses, pursuant to ¶¶6.1 and 6.2 below, shall not in any way delay or preclude the Judgment from becoming Final.

1.13   "Marcum" means Marcum, LLP, and its partners, limited liability partners and members.

1.14   "Marcum's Counsel" means the law firm of Garrett & Tully, P.C.

8

1.15    "Judgment" means the judgment to be rendered by the Court, in the form attached as Exhibit B hereto.

1.16    "Lead Plaintiffs" means Puerto Rico Government Employees and Judiciary Retirement Systems Administration, Craig B. Laub, J.D. Pisut, and Sandra Redfern.

1.17    "Action" means *Puerto Rico Government Judiciary Employees Retirement Sys. v. Marcum, LP,* Case No. 15 Civ. 01938 (DAB).

1.18    "Person" means an individual, corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity together with their spouses, heirs, predecessors, successors, representatives, or assignees of any of the foregoing.

1.19    Plaintiffs" means Lead Plaintiffs Puerto Rico Government Employees and Judiciary Retirement Systems Administration, Craig B. Laub, J.D. Pisut, and Sandra Redfern.

1.20    "Lead Counsel" or "Class Counsel" means the law firm of Abraham, Fruchter & Twersky, LLP.

1.21    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund, to be approved by the Court, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of or provision for expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest, and awards to Lead Plaintiffs, as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation and the Released Persons shall not have any responsibility or liability with respect thereto.

9

1.22   "Proof of Claim and Release" means the form to be sent to Class Members and Subclass Members, in the form attached as Exhibit A-2 hereto, upon further order(s) of the Court, by which any Class Member or Subclass Member may make claims against the Settlement Fund for damages allegedly incurred by reason of their investment(s) in Fuqi common stock.

1.23   "Released Claims" means any and all past or present claims (including Unknown Claims), complaints, demands, losses, obligations, judgments, suits, matters, rights, liabilities, allegations of liability, restitution, and causes of action of every kind or nature whatsoever (including, but not limited to, all claims for damages, interest, attorneys' fees and expert consulting fees and all other costs, expenses and liabilities whatsoever), whether based at law or in equity, on federal, state, local, foreign, statutory or common law or on any other law, rule, or regulation (including, but not limited to, any claims arising under federal, state or foreign law, common law, statute, rule, or regulation arising out of or relating to any acts, omissions, disclosures, public filings, registration statements, financial statements, audit opinions, or statements of any kind by the Defendant, and those people acting under its control, including without limitation, claims for negligence, gross negligence, constructive or actual fraud, violations of the federal or state securities laws, negligent misrepresentation, conspiracy, or breach of fiduciary or any other duty), whether known or unknown, concealed or hidden, accrued or not accrued, foreseen or unforeseen, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, asserted or unasserted, matured or not matured, that were asserted or that could have been asserted directly, indirectly, representatively or in any other capacity, at any time, in any court, tribunal, forum or proceeding by Plaintiffs against the Released Persons arising out of or based upon: the purchase, acquisition, sale, or disposition of any publicly traded

shares of common stock of Fuqi by any Plaintiff during the Class Period; the allegations that were made or could have been made in the Action; and any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or that could have been asserted by Plaintiffs in the Action.  "Released Claims" do not include (i) claims to enforce the Settlement; (ii) any derivative claims brought on behalf of Fuqi which arise from the same underlying facts asserted in the Action; and (iii) any claims brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. 18 ("ERISA"), which arise from the same underlying facts asserted in the Action.

1.24   "Released Persons" means Defendant, its past, present and future partners, limited liability partners, members, directors, officers, employees, shareholders, present and former attorneys, consultants, financial or investment advisors, commercial bankers, underwriters, banks or investment banks, advisors, engineers, principals or agents (including, without limitation, those acting on behalf of or at the direction of Defendant), personal or legal representatives, insurers, reinsurers, predecessors, successors, parent entities, affiliates, subsidiaries, divisions, assigns, any partnership in which Defendant is a general or limited partner, any entity in which Defendant has a controlling interest, any member of the immediate family of any partner, limited liability partner or member, or any trust or foundation of which Defendant is the settlor.  Insurers providing insurance coverage to Defendant and present and former partners, limited liability partners or members of Defendant, are expressly included in the definition of Released Persons.

1.25   "Settlement" means the settlement of the Action contemplated by this Stipulation.

1.26   "Settlement Fund" means one million one hundred thousand dollars ($1,100,000.00), plus all interest that accrues in the Settlement Fund, and accretions thereto,

11

from the date on which Marcum deposits the $1,100,000.00 with the Escrow Agent, and which may be reduced by payments or deductions as provided herein or by Court order.

1.27   "Settling Parties" means, collectively, Defendant and Plaintiffs on behalf of themselves and the Members of the Class and Subclass.

1.28   "Subclass" means, for purposes of this Settlement only, all persons or entities who purchased or otherwise acquired Fuqi common stock pursuant to or traceable to the Secondary Offering on or about July 22, 2009 and who were damaged thereby.  Excluded from the Subclass are Defendant, its agents, representatives, predecessors, successors, subsidiaries, affiliated entities, partners, limited liability partners or members, shareholders, directors, officers, at all relevant times, members of the immediate families of the partners, limited liability partners or members, shareholders, directors, officers of Defendant, any entity in which the Defendant has or had a legal controlling interest, and the legal representatives, heirs, successors, or assigns of Defendant. References herein to "Class" or "Class Member" shall include the "Subclass" or "Subclass Members" unless specifically stated otherwise.

1.29   "Subclass Member" or "Member of the Subclass" means a Person who falls within the definition of the Subclass as set forth in ¶1.28 above and who does not validly request exclusion from the Subclass in accordance with the procedures to be established by the Court in connection with the approval of this Stipulation of Settlement.

1.30   "Unknown Claims" means any and all Released Claims which Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  Unknown Claims include those claims in which some

or all of the facts comprising the claim may be suspected, or even undisclosed, concealed, or

hidden. Notwithstanding the choice of law provisions in this Stipulation, with respect to any and

all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date,

Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have, and by

operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of

California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know
> or suspect to exist in his or her favor at the time of executing the release,
> which if known by him or her must have materially affected his or her
> settlement with the debtor.**

Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have, and by

operation of the Judgment shall have, expressly waived any and all provisions, rights, and

benefits conferred by any law of any state or territory of the United States, or principle of

common law or foreign law, which is similar, comparable or equivalent in effect to California

Civil Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or

different from those which he, she or it now knows or believes to be true with respect to the

subject matter of the Released Claims, but Plaintiffs shall expressly and each Class Member,

upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have,

fully, finally, and forever settled and released any and all Released Claims, known or unknown,

suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden,

which now exist, or heretofore have existed, upon any theory of law or equity now existing,

heretofore have existed, or come into existence in the future, including, but not limited to,

conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty,

law, rule or regulation, without regard to the subsequent discovery or existence of such different

or additional facts. Plaintiffs acknowledge, and the Class Members shall be deemed by operation

of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

### 2.     The Settlement

#### a.     The Settlement Fund

2.1     In full settlement of the Released Claims, within thirty (30) days from the later of (a) the court granting preliminary approval of the Settlement of this Action or (b) the date following such approval on which Defendant has been provided with wire instructions for the escrow account and a tax payer identification number for the recipient of the funds, Defendant shall pay or cause to be paid the principal amount of the Settlement Fund ($1,100,000.00) into an escrow account maintained by the Escrow Agent.  If the entire settlement amount is not timely transferred to the Escrow Agent, Lead Plaintiffs reserve all available remedies, including the possible termination of the Settlement.

#### b.     The Escrow Agent

2.2     The Escrow Agent shall invest the Settlement Fund, transferred pursuant to ¶2.1 hereof, in instruments either fully insured or backed by the full faith and credit of the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund and not by any of the Defendant, Defendant's Counsel or the Released Persons.

2.3     The Escrow Agent shall permit Class Counsel or the Claims Administrator to withdraw up to one hundred fifty thousand dollars ($150,000.00) from the Settlement Fund upon funding of the Settlement Fund by or on behalf of Defendant, as set forth in ¶2.1, to be used to pay the reasonable costs of providing notice of the Settlement to the Class, as well as customary administration costs.  Other than amounts disbursed for providing notice to the Class, customary

14

administration costs, Taxes and Tax Expenses, the Fee and Expense Award (which shall be paid to Class Counsel immediately following the Court's execution of an order awarding such fees and expenses) and any awards granted to Lead Plaintiffs, the Settlement Fund shall not be distributed until the Settlement is reduced to a final, non-appealable judgment, subject to the provisions of ¶2.4.

2.4     Subject to further order(s) and/or direction(s) as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.6     The Escrow Agent shall not be responsible for the payment of any sums due to Authorized Claimants or other Persons, except to the extent of maintaining account of and appropriately paying sums as required by this Stipulation, but only to the limited extent that such sums have been delivered into the Escrow Account as required by this Stipulation. The Escrow Agent shall be liable only for acts of gross negligence or willful misconduct.

**c.     Taxes**

2.7     (a)     The Settling Parties agree that the Settlement Fund is intended to be a "qualified settlement fund" for purposes of §468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder. The Escrow Agent and the Settling Parties shall timely make such elections as are necessary or advisable to carry out the provision of this ¶2.7, including, without limitation, the "relation-back election" described in

15

Treas. Reg. §1.468B-1 back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

      (b)    The Escrow Agent shall be the Settlement Fund's "administrator" as that term is used in Treas. Reg. §1.468B-2.  As administrator, the Escrow Agent shall satisfy the administrative requirements imposed by Treas. Reg. §1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Settlement Fund, and (iii) timely and properly filing applicable federal, state or local tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)) and paying any taxes reported thereon.  Such returns (as well as the election described in this ¶2.7) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes, as defined in subsection (c) below, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

      (c)    All (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Defendant with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes (collectively, "Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.7, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7 (collectively, "Tax Expenses"), shall be paid out of the Settlement Fund; in all events neither Defendant nor its counsel shall have any liability or responsibility for the Taxes or the

16

Tax Expenses.  With funds from the Settlement Fund, the Escrow Agent shall indemnify and hold harmless Defendant and its counsel for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall timely be paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither Defendant nor its counsel are responsible therefor, nor shall they have any liability therefor.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

### 3.     Notice Order and Settlement Hearing

3.1     Promptly after execution of this Stipulation, the Settling Parties shall submit the Stipulation to the Court and shall apply for entry of an order (the "Notice Order") attached hereto as Exhibit A, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, approval for the mailing of a settlement notice (the "Notice") in the form attached as Exhibit A-1 hereto, and publication of a summary notice (the "Summary Notice") in the form attached as Exhibit A-3 hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined below), and the date of the Settlement Hearing as defined below. Defendant does not take any position as to the proposed Plan of Allocation.

17

3.2     Class Counsel shall request that, after Notice is given, the Court hold a hearing (the "Settlement Hearing") at which time Class Counsel shall request that the Court finally approve the Settlement of the Action as set forth herein.

3.3     At the Settlement Hearing, the Settling Parties shall jointly request entry of a Judgment in the form attached hereto as Exhibit B:

(a)     finally approving the Settlement as fair, reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation pursuant to its terms;

(b)     directing that the Action be dismissed with prejudice; directing that the Settling Parties are to bear their own costs, except as otherwise provided in this Stipulation; and releasing the Released Claims;

(c)     permanently barring and enjoining the institution and prosecution, by Plaintiffs and the Class Members, of any other action against the Released Persons in any court or other tribunal, forum, or proceeding, asserting any Released Claims;

(d)     reserving jurisdiction over the Action, including all future proceedings concerning the administration, consummation, and enforcement of this Stipulation;

(e)     finding that the Complaint in the Action was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 11 of the Federal Rules of Civil Procedure;

(f)     finding, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delaying and directing entry of a final judgment; and

(g)     containing such other and further provisions consistent with the terms of this Stipulation to which the Settling Parties expressly consent in writing.

18

3.4     At or after the Settlement Hearing, Class Counsel also will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application, the request for reimbursement of Plaintiffs' expenses and the granting of awards to Lead Plaintiffs.

**4.     Releases and Bar Order**

4.1     Upon the Effective Date, Plaintiffs and each of the Class Members, for themselves and for each of their respective officers, directors, shareholders, employees, agents, spouses, subsidiaries, heirs at law, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered pursuant thereto.

4.2     Upon the Effective Date, Defendant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Class (except any Class Member who opts out of the Settlement), Plaintiffs and Plaintiffs' counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims except to enforce the releases and other terms and conditions contained in this Stipulation or any Court order (including, but not limited to, the Judgment) entered pursuant thereto.

19

4.3    Upon the Effective Date, in accordance with Section 21D(f)(7)(A) of the Exchange Act, 15 U.S.C. § 78u-4(f)(7)(A), Defendant and Released Persons by virtue of this Judgment are discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any Persons based upon, or arising out of, the Released Claims. Accordingly (i) any and all Persons are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any such claim for contribution against Defendant and Released Persons based upon, or arising out of, the Released Claims, and (ii) the Defendant and Released Persons are hereby permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for contribution against any Person based upon, or arising out of, the Released Claims.

## 5.    Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund

5.1    The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants pursuant to the Plan of Allocation.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(b)    to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

(c)    after entry of the Judgment, to pay counsel to the Plaintiffs attorneys' fees

20

and expenses with interest thereon (the "Fee and Expense Award"), and to pay awards to the Lead Plaintiffs, if and to the extent allowed by the Court; and

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or order of the Court.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4     Within one hundred-fifty (150) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form attached as Exhibit A-2 hereto, signed under penalty of perjury, and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.  If a valid Proof of Claim and Release was previously submitted by a Class Member in connection with the Fuqi Litigation, a new Proof of Claim and Release does not need to be submitted to remain a Class Member and share in the distribution of this Settlement.

5.5     Except as otherwise ordered by the Court, any and all Class Members who fail to timely submit a Proof of Claim and Release within the period described in ¶5.4, or such other period as may be ordered by the Court, or otherwise allowed, unless they previously submitted a valid Proof of Claim and Release, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to

and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment, including, but not limited to, having all of their claims and causes of action, however denominated, fully and finally released and discharged as provided in ¶4.1 of this Stipulation. Notwithstanding the foregoing, Class Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

5.6     The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. Any such Plan of Allocation is not a part of this Stipulation. No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until the Effective Date. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Class Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to one or more secular §501(c)(3) organization(s) selected by Class Counsel.

5.7     Neither the Released Persons nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund or Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection with any such matters. The Released Persons shall have no responsibility for or involvement with the selection of the Claims Administrator, the claims administration process or the Plan of Allocation of the Settlement proceeds, and they shall not object to the proposed Plan of

22

Allocation.   Plaintiffs and each Class Member hereby fully, finally, and forever release, relinquish, and discharge the Released Persons and their counsel from any and all such liability.

5.8     No Person shall have any claim against Plaintiffs, Class Counsel, the Claims Administrator, or their counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9     No Person shall have any claim whatsoever against the Defendant, Defendant's Counsel or any of the Released Persons arising from or related to any distributions made, or not made, from the Settlement Fund or the Net Settlement Fund.   No Person shall have any claim against the Defendant, Defendant's Counsel or any of the Released Persons arising from or relating to the management of or the disposition of the Settlement Fund or the Net Settlement Fund, and Plaintiffs and each Class Member hereby fully, finally, and forever release, relinquish, and discharge the Defendant, Defendant's Counsel and the Released Persons from any and all such liability.

5.10    None of the Defendant, the Released Persons or Defendant's Counsel shall have any responsibility for or liability whatsoever with respect to:   (i) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Net Settlement Fund; or (v) the payment or withholding of any taxes, expenses and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

23

5.11   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  The time to appeal from approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether a Plan of Allocation has been submitted to the Court or has been approved.

5.12   All Persons who fall within the definition of Class Members shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

**6.**   **Class Counsel's Attorneys' Fees and Expenses**

6.1   Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to Plaintiffs' counsel from the Settlement Fund for:  (a) an award of attorneys' fees; plus (b) the payment of reasonable expenses incurred in connection with prosecuting the Action (including, but not limited to the fees and expenses of experts and consultants), plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court, and for awards and/or reimbursement of Plaintiffs' reasonable costs and expenses (including lost

wages) directly related to their representation of the Class in this Action. Class Counsel reserves the right to make additional applications to the Court for fees and expenses incurred.

6.2    The fees and expenses, as awarded by the Court, shall be paid to Class Counsel from the Settlement Fund as provided in ¶2.3 immediately after the Court executes an order awarding such fees and expenses and enters the Judgment. Class Counsel may thereafter allocate the attorneys' fees among other Plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action. If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is overturned, modified, or lowered, or if the Settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the Settlement does not become final and binding upon the Class, then, within fifteen (15) business days from receiving notice of the occurrence of such events from Defendant's Counsel or from a court of appropriate jurisdiction, Class Counsel shall refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each of Plaintiffs' counsel's law firm receiving any payment of attorneys' fees or expenses, as a condition of receiving such fees and expenses, agree that they accept payment subject to the joint and several obligation of each of Plaintiffs' counsel's (including their respective partners, shareholders, and/or firms) obligation to make repayment to Class Counsel or to the Settlement Fund of the entire amount paid to them, plus interest thereon at the same rate as earned on the Settlement Fund, within fifteen (15) business days from receiving the notice referenced in this paragraph. Each such Plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and

25

expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The Lead Plaintiffs may submit an application for an award and/or reimbursement of their time and expenses incurred in the prosecution of the Action.  However, in the event that the Effective Date does not occur, or the judgment or the order approving Lead Plaintiffs' application for awards and/or reimbursement of their time and expenses is reversed or modified, or the Stipulation is canceled or terminated for any other reason, then the Lead Plaintiffs shall within fifteen (15) business days from receiving notice from Defendant's counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such awards and/or reimbursement for time and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.  Lead Plaintiffs, if they receive awards and/or reimbursement under this paragraph, as a condition of receiving such awards and/or reimbursement, agree that they are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     The procedure for, and the allowance or disallowance by the Court, of any applications by Class Counsel for attorneys' fees and expenses, or the awards and/or expenses of Plaintiffs, to be paid out of the Settlement Fund are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation; and any order or proceeding relating to the Fee and Expense Application or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the

Stipulation, or affect or delay the finality of the Judgment and the Settlement of the Action set forth therein.

6.5     The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any payment of any type or nature whatsoever, including attorneys' fees and expenses, to Plaintiffs' counsel, except as provided for herein. The Released Persons do not and shall not take any position as to Class Counsel's request for attorneys' fees and expenses and/or Class Counsel's request for awards and/or the reimbursement of Plaintiffs' reasonable costs and expenses (including lost wages) directly related to their representation of the Class in this Action.

6.6     The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action, and the Released Persons take no position with respect to such matters.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     Defendant has timely made or caused to be made their contributions to the Settlement Fund, as required by ¶2.1 hereof;

(b)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

(c)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and has entered the Judgment; and

(d)     the Judgment has become Final, as defined in ¶1.12 hereof.

27

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendant or its Insurers who funded the Settlement Fund in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.   If any of the conditions specified in ¶7.1(a) or ¶7.1(b) or ¶7.1(c) hereof are not met, or if the condition in ¶7.1(d) is not met and there is no longer any possibility that the condition in ¶7.1(d) can be met, then the Stipulation shall be canceled and terminated subject to ¶7.3 hereof unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with the Settlement.

7.3     Unless otherwise ordered by the Court, in the event the Effective Date does not occur or this Stipulation shall terminate, or be canceled, or otherwise fail to become effective for any reason, including, without limitation, in the event that the Settlement as described herein is not approved by the Court or the Judgment is reversed or vacated following any appeal taken therefrom, then:

(a)     within fifteen (15) business days after written notification of such event is sent by Defendant's Counsel or Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest) plus any amount then remaining in the funds provided to the Claims Administrator for Notice and administrative costs, less expenses and any costs which have either been properly disbursed pursuant to ¶2.3 or ¶2.7 hereof, or are due and owing pursuant to ¶2.3 or ¶2.7, and Taxes and Tax Expenses that have been paid or that have accrued and will be payable at some later date, will be refunded, reimbursed, and repaid by the Escrow Agent to Defendant and/or its Insurers that funded the Settlement Fund severally in amounts proportional to each entity's funding of the Settlement Fund; if said amount or any portion thereof is not returned within such fifteen (15) day period, then interest shall accrue thereon at the same rate as earned by the Settlement Fund until the date that said amount is returned;

(b)     at the request of counsel for Defendant, the Escrow Agent or its designee shall apply for any Tax refund owed on the Settlement Fund and pay the proceeds to Defendant

28

and/or its Insurers that funded the Settlement Fund severally in amounts proportional to each entity's funding of the Settlement Fund, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund pursuant to such written request;

(c)     the Settling Parties shall be restored to their respective positions in the Action as of December 15, 2015, with all of their respective claims and defenses preserved as they existed on that date;

(d)     the terms and provisions of the Stipulation shall be null and void and shall have no further force and effect with respect to the Settling Parties, with the exception of ¶¶1.1-1.30, 2.3, 2.7 and 7.3, hereof, and neither the existence nor the terms of this Stipulation (nor any negotiations preceding this Stipulation nor any acts performed pursuant to, or in furtherance of, this Stipulation) shall be used in this Action or in any other proceeding for any purpose; and

(e)     any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

7.4     If the Court does not enter the Judgment in the form attached as Exhibit B hereto, or if the Court enters the Judgment and appellate review is sought and, on such review, the entry of the Judgment is finally vacated, modified, or reversed, then this Stipulation and the Settlement incorporated therein may be cancelled and terminated by one of the Settling Parties, unless all parties who are adversely affected thereby, in their sole discretion within thirty (30) days from the date of the mailing of such ruling to such parties, provide written notice to all other parties hereto of their intent to proceed with the Settlement under the terms of the Judgment as modified by the Court or on appeal.  Such notice may be provided on behalf of Plaintiffs and the Class Members by Class Counsel.  No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; provided, however, that no order of the Court to the extent it addresses or concerns any Fee and Expense Application or Plan of Allocation, or any modification or reversal on appeal of such order, shall

29

constitute grounds for cancellation or termination of this Stipulation by any Settling Party. Without limiting the foregoing, Defendant shall have, in its sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, will not or does not provide for the dismissal with prejudice of the Action against them.

      7.5     If, prior to the Settlement Hearing, any Persons who otherwise would be Class Members have validly requested exclusion from the Class ("Requests for Exclusion") in accordance with the provisions of the Notice or Notice Order, and such Persons, in the aggregate, during the Class Period purchased equal to or more than a certain percentage of the aggregate eligible shares held by all Authorized Claimants to be negotiated by the Settling Parties and specified in a separate, confidential supplemental agreement to this Stipulation of Settlement (the "Supplemental Agreement"), then Defendant shall have, in its sole and absolute discretion, the option to terminate this Stipulation on behalf of all Settling Parties in accordance with the procedures set forth in the Supplemental Agreement.  Class Counsel shall, however, have an opportunity to seek retraction of any Request for Exclusion until the deadline for such retractions as set forth in the Notice or Notice Order.  The Supplemental Agreement shall not be filed with the Court.  If required by the Court, the Settling Parties shall request that the Supplemental Agreement and/or any of its terms be disclosed only *in camera* to the Court for purposes of approving the Settlement, and that such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold percentage amount of Fuqi common stock specified in the Supplemental Agreement.  Defendant may request from time to time summaries or copies of any or all Requests for Exclusion received, together with all written revocations of Requests for Exclusion, which shall be delivered to Defendant's Counsel promptly upon request.

A listing of all persons who have validly requested exclusion from the Class shall be provided to Defendant and the Court in connection with and at the time of the Settlement Hearing.

7.6    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed as provided in this Stipulation.  In addition, any expenses already incurred pursuant to ¶2.3, ¶2.7 or otherwise hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶7.3 hereof.

### 8.    Class Certification

8.1    For purposes of this Stipulation only, the Settling Parties will stipulate to certification of the Class, as defined herein and the appointment of Lead Plaintiffs as representatives of the Class.  Defendant expressly reserves the right to contest class certification in the event this settlement does not become effective for any reason.

### 9.    No Admission of Wrongdoing

9.1    This Stipulation, whether or not consummated, and any negotiations, discussions, or proceedings in connection herewith shall not be:

(a)    offered or received against Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendant of the truth of any fact alleged by the Class Members or the validity of any claim that has or could have been asserted in the Action, or the deficiency of any defense that has or could have been asserted in the Action, or of any liability, negligence, fault, or wrongdoing of Defendant;

(b)    offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement

31

or written document approved or made by Defendant, or offered or received against Lead Plaintiffs or any Class Member as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

(c)     offered or received against Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that this Stipulation is approved by the Court, Defendant and Released Persons may refer to it to effectuate the release granted them hereunder; or

(d)     construed against Defendant, Lead Plaintiffs, or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial.

**10.    Miscellaneous Provisions**

10.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

10.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.

10.3    While Defendant denies that the claims advanced in the Action were meritorious, it will not assert in any public statement that the Action was not filed in good faith and/or is not being settled voluntarily after consultation with competent legal counsel.  The Judgment will

32

contain a finding that, during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel and with the assistance of Judge Phillips. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Action was brought or defended in bad faith or without a reasonable basis.

10.4   Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Action, or any wrongdoing or liability of Defendant; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault, or omission of Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that Defendant may file the Stipulation and/or the Judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

33

10.5    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.6    The Stipulation constitutes the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning the Stipulation other than the representations, warranties, and covenants contained and memorialized in such documents.  It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than or different from the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.  Except as otherwise provided herein, each party shall bear her, his, or its own costs.

10.7    The Settling Parties agree to submit any disputes that might arise regarding the interpretation or application of this Stipulation to Judge Phillips for resolution as a sole arbitrator, under arbitration rules to be promulgated by him in his sole discretion, and the Settling Parties agree to be bound by Judge Phillips' decision.

10.8    Class Counsel, on behalf of the Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.  Plaintiffs and Class Counsel represent and warrant that none of Plaintiffs' claims or causes of action referred to herein or that could have been alleged in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

10.9    Each counsel or other Person executing the Stipulation and any documents prepared in furtherance of the Stipulation on behalf of any party hereto hereby represents and warrants that such Person has the full authority to do so and has the authority to bind the party on whose behalf they are executing this Stipulation.  The performance by any Class Member and the Settling Parties of their obligations under this Stipulation have been duly authorized and any necessary third-party consents, if any, have been obtained.

10.10  The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument, each of which shall be deemed an original notwithstanding that all of the parties hereto are not signatories to the same counterpart.  A complete set of executed counterparts shall be filed with the Court.  The Settling Parties agree that facsimile or scanned signatures shall have the same force and effect as original signatures.

10.11  The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto, including any corporation or other entity into or with which any party merges, consolidates, or reorganizes or has merged, consolidated, or reorganized.

10.12  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties and counsel for the parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

10.13  This Stipulation shall be governed by, and interpreted according to, the laws of the State of New York, excluding its conflict of laws provisions.

10.14  All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of October 6, 2016.

ABRAHAM, FRUCHTER & TWERSKY, LLP

LAWRENCE D. LEVIT

*Attorneys for Lead Plaintiff the PR Group*

RIGRODSKY & LONG, P.A.

TIMOTHY J. MacFALL

*Attorneys for Plaintiff Sandra Redfern*

GLANCY PRONGAY & MURRAY LLP

LIONEL Z. GLANCY

*Attorneys for Plaintiffs Craig B. Laub and J.D. Pisut*

GARRETT & TULLY, P.C.

STEPHEN J. TULLY

*Attorneys for Defendant*

36