UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PUERTO RICO GOVERNMENT JUDICIARY :
EMPLOYEES RETIREMENT SYSTEM :
ADMINISTRATION, CRAIG B. LAUB, J.D. :
PISUT and SANDRA REDFERN, : 15 Civ. 01938 ~~(DAB)~~ (JMF)
 :
              Plaintiffs, :
 :
  -against- :
 :
 :
MARCUM, LLP, as successor to STONEFIELD :
JOSEPHSON, INC., :
 :
             Defendant. :
------------------------------------------------------------------------X

## ~~[PROPOSED]~~ ORDER AUTHORIZING
## DISTRIBUTION OF THE NET SETTLEMENT FUND

WHEREAS, by its Order dated February 1, 2018 (ECF No. 35), the Court approved the terms of the Stipulation of Settlement and attached exhibits, which were filed with the Court on May 25, 2017 (the "Stipulation" or "Settlement Agreement") (ECF No. 16-1), including the Plan of Allocation for distributing the Net Settlement Fund to Class Members who were Authorized Claimants; and

WHEREAS, as set forth in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") (ECF No. 25, Exhibit A), the deadline for Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") to the claims administrator for the Settlement, Angeion Group ("Angeion" or the "Claims Administrator"), in order to participate in the distribution of the Net Settlement Fund was November 24, 2017, which is extended to December 20, 2022; and

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Lead Counsel now seeks authorization to distribute the proceeds of the Net Settlement Fund to Authorized Claimants, after deduction of any taxes, fees and expenses previously approved by the Court or approved by this Order;

NOW, THEREFORE, upon the reading and filing of: (1) the Memorandum of Law in Support of Lead Plaintiff's Motion to Distribute the Net Settlement Fund; (2) the supporting Declaration of Lawrence D. Levit in Support of Lead Plaintiff's Motion to Distribute the Net Settlement Fund, which includes as an exhibit the Declaration of Markham Sherwood in Support of Lead Plaintiff's Motion to Distribute Net Settlement Fund ("Sherwood Decl.") and the exhibits attached thereto; and (3) upon all prior proceedings heretofore, and after due deliberation,

IT IS HEREBY ORDERED that:

1. All terms used in this Order shall have the same meanings as defined in the Stipulation, the Notice or the Sherwood Decl.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action including all Class Members.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is approved. Accordingly:

(a) The administrative determinations of the Court-approved Claims Administrator to accept the timely submitted eligible claims as set forth in Part One of Exhibit B to the Sherwood Decl. and the late but otherwise eligible claims, as set forth in Part Two of Exhibit B to the Sherwood Decl., are approved;

(b) The Claims Administrator's administrative determinations to reject claims that were deficient or duplicative and those claims with no Recognized Loss, as set forth in Parts Three and Four, respectively, of Exhibit B to the Sherwood Decl., are approved;

(c) Angeion is directed to conduct an initial distribution of the Net Settlement Fund to all Authorized Claimants whose Proofs of Claim have been accepted as valid by Angeion and approved by the Court, including those Authorized Claimants who were previously determined to have submitted valid claims in the related action *In re Fuqi International, Inc. Sec. Litig.*, No. 10 Civ. 2515 (DAB) (S.D.N.Y.), as set forth in Part Five of Exhibit B to the Sherwood Decl., as calculated under the Plan of Allocation, after deducting all payments previously allowed from the Settlement Fund and the payments approved by this Order, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees;

(d) In order to encourage Authorized Claimants to cash their distribution checks promptly and to avoid or reduce future expenses relating to uncashed checks, all distribution checks shall bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED 120 DAYS AFTER ISSUE DATE." The Claims Administrator is authorized to take appropriate action to locate and/or contact any Authorized Claimant who initially fails to cash their distribution check;

(e) Authorized Claimants who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement and the funds allocated to all stale-dated checks will be available to be distributed to other Authorized Claimants in a redistribution. After the Claims Administrator has made reasonable and diligent efforts to encourage Authorized Claimants to cash their distribution checks, (a) any balance remaining in the Net Settlement Fund, by reason of uncashed checks, or otherwise, no less than six (6) months after the initial distribution, will be redistributed to Authorized Claimants who have cashed their distribution checks and who would receive at least $20.00 from such redistribution if, after consulting with Lead Counsel, the Claims Administrator and Lead Counsel determine that a redistribution is feasible and

the remaining funds in the Net Settlement Fund can be distributed in an equitable and economic fashion. The redistribution shall be conducted in the same manner consistent with the Plan of Allocation, after deducting any unpaid costs or fees incurred in administering the Net Settlement Fund, including the costs for such redistribution, and for any estimated taxes or the cost of preparing tax returns, and (b) if a redistribution of the Net Settlement Fund is deemed not to be feasible or if a redistribution occurs and, thereafter, funds remain in the Net Settlement Fund, the Claims Administrator, following consultation with Lead Counsel, shall donate, *after obtaining leave of the Court* pursuant to the doctrine of *cy pres*, any remaining funds in the Net Settlement Fund, after payment of any further administration expenses and taxes, to the Legal Aid Society of New York City;

(f) The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all Persons who were involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim filed in this Action, or who were otherwise involved in the administration, taxation or distribution of the Settlement Fund or the Net Settlement Fund, including Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel, are released from any and all claims arising out of such involvement and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration, taxation or distribution of the Settlement, beyond the amount allocated to Authorized Claimants;

(g) The payment of $28,218.50 to the Claims Administrator from the Net Settlement Fund for the balance of its fees and expenses incurred in connection with the services

4

performed in processing the Proofs of Claim and in administering the Settlement, as set forth in Exhibit D of the Sherwood Decl. is approved, and Lead Counsel is directed to approve payment from the Net Settlement Fund to the Claims Administrator, without further order of the Court, an amount of up to $39,093.07 for the fees and costs the Claims Administrator incurs in connection with performing the work to complete the distribution and administration process; an estimate of these fees and costs is set forth in Exhibit E of the Sherwood Decl.; and

(h) The Claims Administrator is authorized to destroy the claim forms and records in paper form one year after final distribution of the Net Settlement Fund and to destroy the claim forms and records in electronic form three years after final distribution of the Net Settlement Fund.

4. This Court retains jurisdiction over this Action and all parties hereto and any further application or matter which may arise in connection with this Action.

IT IS SO ORDERED

this  Third  day of   January   , 2023
New York, New York

_____
U.S.D.J. JESSE M. FURMAN

The Clerk of Court is directed to terminate ECF No. 36.

5